**Solomon & Cramer LLP**
1441 Broadway, Ste 6026
New York, New York 10018
t: (212) 884-9102
f: (516) 368-3896

--------------------
Andrew T. Solomon
Jennifer G. Cramer

March 20, 2020

Via ECF

The Honorable Sean H. Lane
United States Bankruptcy Judge
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:    *In re Miami Metals I, Inc. and Miami Metals II, Inc.,* Case No.: 18-13359-shl;
*Coöperatieve Rabobank U.A., New York Branch v. Crowe LLP*, Adv. Proc. No. 20-01061-shl

Dear Judge Lane:

This firm represents the Plaintiffs (Coöperative Rabobank U.A., *et al.*) in the referenced adversary proceeding. Plaintiffs have sued defendant Crowe LLP for damages caused by Crowe's deficient audit of the financial statements of the (former) debtors. Plaintiffs' claims are all under state law.

We write to update the Court on the status of this adversary proceeding and to request that the Court hold an initial telephonic status conference for this case on April 2, 2020 (at 10:00 a.m.) to coincide with the Hearing currently scheduled in the main bankruptcy case on that date. (There is currently a pretrial conference scheduled in the adversary case for April 30, 2020).

## SHORT HISTORY OF THE CASE

This case started in Florida state court, was removed to the S.D. Fla., was transferred to the SDNY, and is now before this Court. Before the transfer, Plaintiffs had moved to remand the case under the abstention provisions of 28 U.S.C. § 1334(c) and for equitable remand under 28 U.S.C. § 1452(b), but the district court in Florida declined to resolve the abstention question and, instead, transferred the case to SDNY to, *inter alia*, address abstention. Two forms of abstention are implicated: (1) *mandatory* abstention under 28 U.S.C. § 1334(c)(2), which "requires that bankruptcy courts abstain from hearing specified noncore, state law claims that can 'be timely adjudicated[]' in a State forum of appropriate jurisdiction"; *Stern v. Marshall*, 564 U.S. 462, 502 (2011), and (2) *permissive* abstention under 28 U.S.C. § 1334(c)(1), which "provides that

Hon. Sean H. Lane
March 20, 2020
Page 2

bankruptcy courts may abstain from hearing any proceeding, including core matters, 'in the interest of comity with State courts or respect for State law.'" *Id.*[1]

## REQUEST FOR EARLY STATUS CONFERENCE TO SET HEARING DATES

An early status conference would be useful to set a hearing date for the abstention motion and to establish the schedule and a hearing date for defendant's likely motion in response to the Complaint. We note, however, that as between abstention and any merits-based challenge to the Complaint, abstention (which is essentially jurisdictional) must be decided first. *Glob. Tech Indus. Grp., Inc. v. Go Fun Grp. Holdings, Ltd.*, 2017 U.S. Dist. LEXIS 182019, at *6 (S.D.N.Y. Nov. 2, 2017); *Calizaire v. Mortg. Elec. Registration Sys.*, No. 14-CV-1542 (CBA) (SMG), 2017 U.S. Dist. LEXIS 31436, at *5-6 (E.D.N.Y. Mar. 6, 2017). This required order of disposition might be considered in setting the briefing and hearing of Crowe's likely motion.

Respectfully yours,

/s/Andrew T. Solomon

Andrew T. Solomon

---

[1] Even though Plaintiffs are the movants with respect to mandatory abstention, it is the defendant that "bear[s] the burden of proving that mandatory abstention is not warranted." *In re Aog Entm't*, 569 B.R. 563, 573 (Bankr. S.D.N.Y. 2017).