**TABET | DiVITO | ROTHSTEIN**

Tabet DiVito & Rothstein LLC
The Rookery Building
209 S. LaSalle St., 7th Floor
Chicago, Illinois 60604
312-762-9450 Telephone
312-762-9451 Facsimile
www.tdrlawfirm.com

Writer's direct dial:
(312) 762-9480

Writer's email:
ctabet@tdrlawfirm.com

March 23, 2020

*Via ECF*

The Honorable Sean H. Lane
United States Bankruptcy Judge
Southern District of New York
One Bowling Green
New York, NY 10004-1408

   Re: *In re Miami Metals I, Inc. & Miami Metals II, Inc.,* **Case No.: 18-13359-shl;** *Coöperatieve Rabobank U.A., New York Branch v. Crowe LLP*, **Adv. Proc. No. 20-01061-shl**

Dear Judge Lane:

  This firm represents Defendant Crowe LLP ("Crowe") in the above-referenced adversary proceeding. We write in response to a letter addressed to this Court by Andrew Solomon, an attorney for the Plaintiffs in this adversary proceeding, on March 20, 2020.

## OVERVIEW OF ADVERSARY PROCEEDING

  Plaintiffs, a consortium of foreign and domestic financial institutions and precious metal lessors, allege that they entered into an Intercreditor Agreement with Republic Metals Corporation ("Republic") and, through the Intercreditor Agreement, made loans to Republic, supposedly in reliance on Crowe's audits of Republic's financial statements for fiscal years 2014 and 2015. Plaintiffs are creditors of Republic and have been actively involved in this bankruptcy case from its inception. Plaintiffs never had any direct relationship with Crowe, nor do they allege that they ever had any direct contact with Crowe.

  As discussed in Mr. Solomon's letter, Plaintiffs originally filed their complaint against Crowe in Florida state court. Crowe promptly removed the case to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1334(b) and 1452(a). In that court, Crowe moved to transfer this case to the U.S. District Court for the Southern District of New York pursuant to 28 U.S.C. §1404, while the Plaintiffs asked that court to abstain from deciding the case, to deny Crowe's transfer motion, and to remand the case to Florida state court. The U.S. District Court for the Southern District of Florida granted Crowe's transfer motion, declined to grant the relief requested by the Plaintiffs, and transferred this case to the U.S. District Court for the Southern District of New York. *See* Case No. 1:20-cv-01556-LGS, Dkt. 16. The U.S. District Court for the

Judge Sean H. Lane
March 23, 2020
Page 2 of 3

Southern District of New York then referred this case to this Court. *See* Case No. 1:20-cv-01556-LGS, Dkt. 24.

## RESPONSE TO PLAINTIFFS' LETTER

In their March 20 letter, the Plaintiffs request an initial telephonic status conference for this case on April 2, 2020 at 10:00 a.m. Crowe joins in that request.

The Plaintiffs also argue that their request for abstention should be decided before this Court considers Crowe's forthcoming motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) / Fed. R. Bankr. P. 7012(b). The case cited by the Plaintiffs are inapposite, and their arguments are incorrect.

Neither of the cases cited by the Plaintiffs involves any of the abstention doctrines on which they rely, and neither holds that a motion for mandatory abstention under 28 U.S.C. § 1334(c)(2) or for permissive abstention under 28 U.S.C. § 1334(c)(1) must be decided before a Rule 12(b)(6) motion is even considered.

In the first case cited by the Plaintiffs, *Glob. Tech Indus. Grp., Inc. v. Go Fun Grp. Holdings, Ltd.*, 2017 U.S. Dist. LEXIS 182019 (S.D.N.Y. Nov. 2, 2017), the court simply denied a motion for *Colorado River* abstention and also denied a *forum non conveniens* motion. That case had literally nothing to do with 28 U.S.C. § 1334. Importantly, the court considered the issues of abstention and a motion to dismiss based on *forum non conveniens* in the same order. Thus, to the extent it is relevant at all, *Global Tech* indicates that abstention and a motion to dismiss may be considered simultaneously.

The second and final case cited by the Plaintiffs, *Calizaire v. Mortg. Elec. Registration Sys.*, No. 14-CV-1542 (CBA) (SMG), 2017 U.S. Dist. LEXIS 31436 (E.D.N.Y. Mar. 6, 2017), also did not involve 28 U.S.C. § 1334. In that case, the court found that *Younger* abstention did not apply and granted the defendants' Rule 12(b)(6) motion to dismiss. The fact that both issues were addressed in the same order suggests, again, that those issues may be considered at once. *See also In re Ne. Indus. Dev. Corp.*, 513 B.R. 825, 837-46 (Bankr. S.D.N.Y. 2014) (in one order, recommending denial of 28 U.S.C. § 1334 abstention motion and recommending that Rule 12(c) motion for judgment on the pleadings be granted), *adopted,* No. 14-CV-7056 NSR, 2015 WL 3776390 (S.D.N.Y. June 16, 2015).

Importantly, in this case, the Plaintiffs do not contest removal or subject matter jurisdiction (*See* Dkt. #7, p. 2.). Nor can they, as there is no doubt that this matter is "related to" the Republic bankruptcy case. *See, e.g.*, *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992) (litigation falls within the "related to" jurisdiction of the federal court if "its outcome might have any 'conceivable effect' on the bankrupt estate") (internal quotations omitted).

Under the circumstances presented here, judicial economy is best served by simultaneous briefing of the Plaintiffs' abstention motion and Crowe's motion to dismiss. Staggering the Court's consideration of the two motions — with briefing first on the

Judge Sean H. Lane
March 23, 2020
Page 3 of 3

Plaintiffs' abstention motion, a hearing and a ruling on the abstention motion, and if that motion is denied, then a subsequent round of briefing, argument and ruling on Crowe's motion to dismiss — would be plainly inefficient and would not conserve judicial resources.

   Accordingly, Crowe proposes the following briefing schedule:

- April 15, 2020: Crowe files motion to dismiss and Plaintiffs renew their previous motion for abstention and remand (Case No. 1:19-cv-23100-DPG, Dkt. 7)

- April 29, 2020: Crowe files response to Plaintiffs' renewed motion for abstention and remand; Plaintiffs file response to Crowe's motion to dismiss

- May 13, 2020: Crowe files its reply in support of its motion to dismiss; Plaintiffs file reply in support of their renewed motion for abstention and remand.

   Crowe believes that this briefing schedule will ensure the parties' full and prompt presentation of all relevant issues to the Court for its consideration.

             Very truly yours,

             /s/ Caesar A. Tabet

Stuart Kagen
Joel M. Taylor
KAGEN & CASPERSEN
757 Third Ave., 20th Fl.
New York, New York 10017
(212) 880-2045
skagen@kagencaspersen.com
jtaylor@kagencaspersen.com

Caesar A. Tabet, *pro hac vice*
John M. Fitzgerald, *pro hac vice*
Jordan E Wilkow, *pro hac vice*
Amanda N. Catalano, *pro hac vice*
TABET DIVITO & ROTHSTEIN LLC
209 South LaSalle Street, 7th Floor
Chicago, IL 60604
(312) 762-9450
ctabet@tdrlawfirm.com
jfitzgerald@tdrlawfirm.com
jwilkow@tdrlawfirm.com
acatalano@tdrlawfirm.com

cc: all counsel of record via ECF