**Solomon & Cramer LLP**
25 West 39th St, 7th Floor
New York, NY 10018
Main Tel: (212) 884-9102
E-Fax: (516) 368-3896

March 7, 2021

**Via ECF**

Hon. Sean. H. Lane
United States Bankruptcy Judge
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:  In re Miami Metals I, Inc. and Miami Metals II, Inc., Case No.: 18-13359-shl;
   Coöperatieve Rabobank U.A., New York Branch, et al. v. Crowe LLP, Adv. Proc. No.: 20-01061-shl;
   Coöperatieve Rabobank U.A., New York Branch, et al. v. EisnerAmper LLP, Adv. Proc. No.: 20-01092-shl

Dear Judge Lane:

This firm represents the plaintiffs in the adversary proceedings referenced above. We write to seek leave of the Court to commence fact discovery while plaintiffs' motion for mandatory or permissive abstention is pending. We have consulted with counsel to the defendants and they do not consent.

By way of background, Plaintiffs Coöperatieve Rabobank U.A., New York Branch, *et al.*, sued Defendants Crowe LLP (Crowe) and EisnerAmper LLP (Eisner) for damages caused by their audits of the financial statements of the debtor, Miami Metals, Inc. f/k/a Republic Metals Corp. (Republic), for 2014, 2015, and 2016. Both cases started in Florida state court. Plaintiffs sued Crowe on June 24, 2019 and Eisner on April 3, 2020. Defendants removed the cases to federal court in Miami; from there, the cases were transferred to the Southern District of New York before finally being referred to this Court. Plaintiffs' motion to remand on abstention grounds is *sub judice*. Crowe also moved to dismiss, but briefing has not been calendared for that motion because of the pending jurisdictional motion.

As a result of these procedural movements, no discovery has taken place thus far. But that does not mean that discovery cannot start now.

Typically, discovery does not commence until after the Rule 26(f) conference. But that is no impediment. The conference could be scheduled, which is consistent with the requirement that it take place "as soon as practicable." *See* Fed. R. Civ. P. 26(f)(1). Even without a conference, the Court has the power to permit discovery at any time under Fed. R. Civ. P. 26(d)(1).[1]

Why start discovery now? First, we believe it is inevitable. It may be that Crowe has moved to dismiss and Eisner is likely to do so as well. But motions to dismiss do not ordinarily stay discovery, and it is unlikely that these pleading motions will succeed (certainly not in full): the standards on such motions favor a plaintiff, the allegations against the Defendants are serious, and the facts supporting Plaintiffs' claims are detailed with many particulars. Second, commencing discovery will assist all parties in driving the case to an ultimate resolution. Defendants themselves have made efficiency arguments in seeking to keep the cases before this Court—"timely adjudication" being a key statutory element in deciding abstention under 28 U.S.C. § 1334.

If the Court is inclined to permit discovery at this point or wishes to hear more from the parties on the subject, we respectfully request that a telephone conference be scheduled.

Respectfully yours,

/s/Andrew T. Solomon

Andrew T. Solomon
asolomon@solomoncramer.com


cc:

Linda Coberly, Esq.
Winston & Strawn LLP
*Counsel to EisnerAmper LLP*

Caesar A. Tabet, Esq.
John M. Fitzgerald, Esq.
Jordan E. Wikow, Esq.
Amanda N. Catalano, Esq.
Tabet DiVito & Rothstein LLC
*Counsel to Crowe LLP*

---

[1] These Rules apply by incorporation in an adversary proceeding. Fed. R. Bankr. P. 7026.

{00321845.1 / 1329-002}    2