UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

In re:

Miami Metals I, *et al.*[2],

---------------------------------------------------------------- x

Coöperatieve Rabobank U.A., New York Branch, *et al.*,

               Plaintiffs,

  v.

Crowe LLP,

               Defendant.

---------------------------------------------------------------- x

Ch. 11

Case. No 18-13359 (SHL)

(Jointly Administered)

Adv. Pro. No. 20-01061-SHL

### ORDER GRANTING MANDATORY ABSTENTION AND REMAND

Upon the timely motion, dated August 7, 2019 (the "Motion"), of plaintiffs Coöperatieve Rabobank U.A., New York Branch; Brown Brothers Harriman & Co.; Bank Hapoalim B.M.; Mitsubishi International Corporation; ICBC Standard Bank PLC; Techemet Metal Trading, LLC; Woodforest National Bank; and Hain Investors Master Fund, LTD (collectively, the "Plaintiffs") in the above-captioned Adversary Proceeding for an order, pursuant to 28 U.S.C. § 1334(c), § 1447(c), § 1452(b), for the Court to abstain from exercising jurisdiction and to remand the case to the Circuit Court of the 11th Judicial Circuit in and for the State of Florida, where it was originally filed; the defendant Crowe LLP ("Defendant") having filed objections to the Motion;

---

[2] The Debtors in the Chapter 11 cases titled *In re Miami Metals I, Inc., et al.*, Case No. 18-13359, include: Miami Metals I, Inc. (f/k/a Republic Metals Refining Corporation); Miami Metals II, Inc. (f/k/a Republic Metals Corporation ("RMC")); Miami Metals III LLC (f/k/a Republic Carbon Company, LLC); Miami Metals IV LLC (f/k/a J & L Republic LLC); Miami Metals V LLC (f/k/a R & R Metals, LLC); Miami Metals VI (f/k/a RMC Diamonds, LLC); Miami Metals VII (f/k/a RMC2, LLC ("RMC2")); Miami Metals VIII (f/k/a Republic High Tech Metals, LLC); Republic Metals Trading (Shanghai) Co., Ltd.; and Republic Trans Mexico Metals, S.R.L. (collectively, the "Debtors").

and the Court having jurisdiction to decide the Motion and the relief requested therein under 28 U.S.C. § 157(a); after due deliberation and for the reasons set forth in the Court's Memorandum of Decision, dated March 24, 2021 [ECF No. 30], finding that the requirements for mandatory abstention had been met under 28 U.S.C. § 1334(c), which are incorporated in this Order as if fully set forth herein,

      **IT IS HEREBY FOUND THAT:**

      A.      Plaintiffs initially commenced an action against Defendant (the "Action") by filing a Complaint on June 24, 2019 in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida (the "Florida State Court"). The Action initially bore the caption *Coöperatieve Rabobank U.A., New York Branch, et al. v. Crowe LLP*, Case No. 2019-018945-CA 01 (Fla. Cir. Ct.), and was pending before the Honorable William Thomas.

      B.      Defendant removed the Action from the Florida State Court to the United States District Court for the Southern District of Florida on July 25, 2019. Thereafter, the Action bore the caption *Coöperatieve Rabobank U.A., New York Branch, et al. v. Crowe LLP*, Case No. 1:19-cv-23100-DPG (S.D. Fla.), and was pending before Honorable Darrin P. Gayles.

      C.      While the Action was pending in the Southern District of Florida, on August 7, 2019, Plaintiffs moved for abstention and remand of the Action to the Florida State Court and Defendants moved for transfer of the Action to the United States District Court for the Southern District of New York. On February 20, 2020, the District Court granted Defendant's motion to transfer the Action to the Southern District of New York without ruling on Plaintiffs' motion for abstention and remand.

      D.      The Action was then transferred to the Southern District of New York, where it bore the caption *Coöperatieve Rabobank U.A., New York Branch, et al. v. Crowe LLP*, Case No.

2

1:20-01556-LGS (S.D.N.Y.), and was pending before the Honorable Lorna G. Schofield. The District Court, by order dated March 16, 2020, referred the Action to this Court. The Action now bears the caption *Coöperatieve Rabobank U.A., New York Branch, et al. v. Crowe LLP*, Adv. No. 20-01061 (SHL).

E.  While the Action was pending in this Court, the parties filed supplemental briefing on the issue of abstention and remand.

F.  This Court, having determined that the conditions for mandatory abstention as set forth in 28 U.S.C. 1334(c)(2) were met, issued a Memorandum of Decision granting Plaintiffs' motion for abstention and remand and setting out the reasons therefor.

**IT IS HEREBY ORDERED THAT:**

1.  Plaintiffs' August 7, 2019 motion is GRANTED, and the Court hereby ABSTAINS from exercising jurisdiction over the Action under 28 U.S.C. § 1334(c)(2); and

2.  The Clerk of Court is directed to TRANSFER this case to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 157(b), 28 U.S.C. § 1412, and Bankruptcy Rule 7087, with a recommendation that the District Court for the Southern District of Florida REMAND the case to the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, pursuant to 28 U.S.C. § 1452(b); and

3.  This Court shall retain jurisdiction solely to interpret and enforce this Order.

Dated: April 9, 2021
New York, New York

*/s/ Sean H. Lane*
United States Bankruptcy Judge